# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

Weis-Buy Farms, Inc.,

                  Plaintiff,

-vs-                                                    Case No.  2:08-cv-613-FtM-29SPC

Blue Dolphin Produce, LLC, Gary Milton Norris,
and Omah Leah Norris, each individually,

                  Defendant.
_____/

## ORDER

      This matter comes before the Court on Plaintiff's Ex Parte Motion for Writ of Garnishment (Doc. #22) filed on July 21, 2010.  On August 8, 2008, the Parties entered into a consent judgment against Defendants in the amount of $84,000, to bear interest at the rate of 18% per annum.  Plaintiff believes that Defendant may have a bank account in the possession or control of the Garnishee and now files its *ex parte* Motion requesting that this Court issue a Writ of Garnishment directed to Garnishee TIB Bank in order to recover on the outstanding Judgment.

      Pursuant to Fed. R. Civ. P. 69, the "[p]rocess to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise. The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held. . . ." Fed. R. Civ. P. 69(a).  Florida Statute § 77.01 *et. seq.* allows recovery of a money judgment via a Writ of Garnishment.  The Statute reads in pertinent part:

> [e]very person or entity who has sued to recover a debt or has recovered judgment in any Court against any person or entity has a right to a writ of garnishment, in the manner hereinafter provided, to subject any debt due to defendant by a third person or any debt not evidenced by a negotiable instrument that will become due absolutely through the passage of time only to the defendant by a third person, and any tangible or intangible personal property of defendant in the possession or control of a third person, and any tangible or intangible personal property of defendant in possession or control of a third person. The officers, agents, and employees of any companies or corporations are third persons in regard to the companies or corporations, and as such are subject to garnishment after judgement against the companies or corporations.

Fla. Stat. § 77.01 (2006). Under the applicable Florida statutes notice is provided a defendant after service of the Writ of Garnishment. Thus, the Court may enforce the judgment through a Writ of Garnishment pursuant to Florida law and finds good cause to grant the Motion.

Accordingly, it is now

**ORDERED:**

(1)  Plaintiff's Ex Parte Motion for Writ of Garnishment (Doc. #22) is **GRANTED**.

(2)  The Clerk of the Court is hereby directed to issue the Writ of Garnishment (Doc. # 22-1) upon the Garnishee TIB Bank, 240 Nokomis Avenue South, Venice, Florida 34285-2314.

**DONE AND ORDERED** at Fort Myers, Florida, this __12th__ day of August, 2010.

_/s/ Sheri Polster Chappell_
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record